UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TUT CHANY,

        Plaintiff,

        v.

NORTH STAR FISHING COMPANY LLC, et al.,

        Defendants.

Case No. C23-1639RSM

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on Plaintiff's Motion to Compel, Dkt. #37. Defendants have filed an opposition brief. Dkt. #39. Neither party requests oral argument.

The parties generally agree on the facts.[1] Plaintiff Tut Chany worked as a deckhand for Defendants. On October 26, 2022, he was injured on the vessel ARICA, a 186-foot factory trawler that fishes and processes cod, flatfish, and rockfish in the Bering Sea. He was 30 minutes into his shift. While on deck, the trawl net slid into him, severely injuring his lower left leg.

The ARICA had a video camera pointed at the back deck where the incident happened. Defendants contacted their third-party vendor who manages the video system, Fusion Marine

---

[1] These facts come from the parties' briefing and are often stated without citation. *See* Dkts. #37 and #39. For purposes of this Motion, the Court need not cite to declarations or exhibits except as stated.

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL - 1

Technologies, to get the footage. Contemporaneous emails clearly indicate that Defendants attempted to get this footage because of Plaintif's injury. This footage was delivered to Defendants' office in November 2022.

Plaintiff later obtained counsel who wrote to Defendants in September 2023 asking that the video be preserved. Defendant's claim manager, Cyndy Thompson, responded, in part:

> The video footage was captured and preserved on a thumb-drive, however it was reported that the video was grainy and there wasn't anything that could be viewed. Further, the operations manager who collected this information at the time no longer works for the company and we are unable to locate the thumb drive at this time. We will continue to look for it…. If we are unable to locate the missing thumb drive, we will not be able to go back at this point and capture the footage.

Dkt. #38-1. Defendants' discovery responses in this case confirm the above information. Plaintiff now seeks to compel production of the video footage and asks for sanctions if that footage is truly gone.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

The obligation to preserve relevant evidence attaches when litigation is "pending or reasonably foreseeable." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y.

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL - 2

2003). This duty "may arise even before litigation is formally commenced." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 990 (N.D. Cal. 2012) "[T]rial courts in this Circuit generally agree that, '[a]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.'" *Id*. (quoting *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060 at 1067 (N.D. Cal. 2006)).

Rule 37(e) is the exclusive remedy for spoliation of ESI. *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 335 (D. Ariz. 2022). Rule 37(e) states:

> Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>>
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>> (C) dismiss the action or enter a default judgment.

Courts in this circuit have indicated the moving party must establish spoliation by a preponderance of the evidence. *CrossFit, Inc. v. Nat'l Strength & Conditioning Ass'n*, 2019 U.S. Dist. LEXIS 209319, 2019 WL 6527951, at *28 (S.D. Cal. Dec. 4, 2019) ((following Ninth Circuit precedent permitting intent under Rule 37(e)(2) by preponderance of the evidence, not clear and convincing evidence) (citing *OmniGen Research v. Yongqiang Wang*, 321 F.R.D. 367, 372 (D. Or. May 23, 2017) ("[t]he applicable standard of proof for spoliation

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL - 3

motions in the Ninth Circuit is the preponderance of evidence"); *Weride Corp. v. Kun Huang*, 2020 U.S. Dist. LEXIS 72738, 2020 WL 1967209, at \*9 (N.D. Cal. Apr. 16, 2020).

After reviewing the briefing of the parties and cited evidence, the Court is convinced that the footage is gone and that compelling production would be pointless. The Court thus turns to the question of sanctions.

The Court finds that the video footage should have been preserved in anticipation of litigation. Defendants do not really dispute this. However, Plaintiff has failed to demonstrate *intent to deprive* by a preponderance of the evidence so as to justify the relief available under Rule 37(e)(2). Instead, it is clear from the record that Defendants acted negligently in failing to maintain possession of the thumb drive, and recklessly in failing to obtain and preserve other copies of the video footage. This occurred prior to Plaintiff's counsel's request for the video footage.

Plaintiff is prejudiced by the loss. Video could have answered several relevant questions at trial. Plaintiff points out that it may have shown interactions between Plaintiff and his deck boss prior to the incident, and that the video would have helped the jury understand the "setting, work and how the accident happened." Dkt. #43 at 6.

The Court finds that this prejudice is not significant enough to warrant the relief requested by Plaintiff. Neither party proposes "measures no greater than necessary to cure the prejudice" identified above. Such measures could, *e.g.*, include an animated reconstruction of the accident produced at Defendant's expense, or something similar.

Accordingly, having reviewed the briefing and the remainder of the record, the Court hereby FINDS and ORDERS that Plaintiff Callaway's Motion to Compel, Dkt. #37, is GRANTED IN PART. The Court DIRECTS the parties to meet and confer and to file a joint

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL - 4

statement setting forth their respective proposals, or joint proposal, for measures no greater than necessary to cure the prejudice identified above.  This filing is due no later than June 16, 2026.

DATED this 2nd day of June, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL - 5